244957

**CT Corporation**

**TO:**   Kathleen Kuan
          Pacific Specialty Insurance Company
          2200 Geng Rd Ste 200
          Palo Alto, CA 94303-3358

**RE:**   Process Served in Texas

**FOR:**  Pacific Specialty Insurance Company  (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JIMMY MUNIZ, Pltf. vs. Pacific Specialty Insurance Company and Debbie Ashmore, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 95th Judicial District Court Dallas County, TX<br>Case # DC1612546 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/27/2016 at 14:53 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, |
| **ATTORNEY(S) / SENDER(S):** | DOUGLAS D MULDER<br>2001 BRYAN STREET<br>SUITE 1905 LB 92<br>Dallas, TX 75201<br>214-953-1919 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0136408271 |
| | Image SOP |
| | Email Notification,  Carleen Driscoll  cdriscoll@pacificspecialty.com |
| | Email Notification,  Patti Fama  pfama@pacificspecialty.com |
| | Email Notification,  Kathleen Kuan  kkuan@pacificspecialty.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / BV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**DEFENDANT'S EXHIBIT**

**B**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**PACIFIC SPECIALTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX  75201**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JIMMY MUNIZ**

Filed in said Court  **22nd day of September, 2016** against

## PACIFIC SPECIALTY INSURANCE COMPANY AND DEBBIE ASHMORE

For Suit, said suit being numbered <u>**DC-16-12546,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 27th day of September, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Arieana Bahena_____, Deputy
         ARIEANA BAHENA

---

**E-SERVE**

CITATION

DC-16-12546

JIMMY MUNIZ
vs.
PACIFIC SPECIALTY INSURANCE
COMPANY et al

ISSUED THIS
27th day of September, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ARIEANA BAHENA, Deputy

---

**Attorney for Plaintiff**
DOUGLAS D MULDER
2001 BRYAN STREET
SUITE 1905 LB 92
DALLAS, TX  75201
214-953-1919
bsmith@mulder.com

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-12546

Court No.95th District Court

Style: JIMMY MUNIZ

vs. PACIFIC SPECIALTY INSURANCE COMPANY et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____ , 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
9/22/2016 12:26:09 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

DC-16-12546

CAUSE NO._____

| | | |
|---|---|---|
| **JIMMY MUNIZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | \_\_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **PACIFIC SPECIALTY INSURANCE** | § | |
| **COMPANY** *and* **DEBBIE ASHMORE,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

---

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, JIMMY MUNIZ, Plaintiff, complaining of and against PACIFIC SPECIALTY INSURANCE COMPANY (PACIFIC) and DEBBIE ASHMORE, Defendants herein, and would respectfully show unto the Court as follows:

### I.    TEXAS RULE 47 DAMAGES STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands.  However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $200,000.00 but not more than, $1,000,000.00.

### I.    DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

---

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

## II.   PARTIES AND SERVICE

Plaintiff JIMMY MUNIZ is a resident of Dallas County, Texas.

Defendant PACIFIC is an insurance company incorporated in the State of California, and is authorized to do business in Texas, and may be served with process by serving its Registered Agent, C T Corporation System at 1999 Bryan Street Suite 900, Dallas, Texas 75201. **Issuance of citation is requested at this time.**

Defendant DEBBIE ASHMORE is an individual who is a claims adjuster working for Defendant, PACIFIC, who may be served at her place of business, 8185 e. Kaiser Boulevard, Anaheim, CA 92808. **Issuance of citation is requested at this time.**

## III.   JURISDICTION

PLAINTIFF brings this suit to recover for damages which PLAINTIFF sustained as the result of DEFENDANTS' conduct. This court has personal jurisdiction over PLAINTIFF because he is a Texas resident. This Court has personal jurisdiction over Defendant PACIFIC because said Defendant is a professional association or corporation doing business in the State of Texas. This Court has personal jurisdiction over Defendant DEBBIE ASHMORE because DEFENDANT is an employee of Defendant PACIFIC.   This Court has subject matter jurisdiction over all claims asserted in this action because they are common law and/or statutory causes of action existing under Texas law by which PLAINTIFF seeks damages.

## IV.   VENUE

Venue is proper in Dallas County, Texas, pursuant to 15.002(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in

Dallas County, Texas. Defendant PACIFIC, through its agent DEBBIE ASHMORE, breached its duty of good faith and fair dealing with its insured, Jimmy Muniz, in Dallas, County, Texas.

## V. CONDITIONS PRECEDENT

All conditions precedents to recovery have been performed, waived, or have occurred.

## V.     FACTUAL BACKGROUND

Plaintiff owned the insured property, which is located at 653 Reindeer Road, Lancaster, Texas 75146. Defendant PACIFIC or its agent sold the policy limit insuring the property to Plaintiff. On or about September 27, 2013, JIMMY MUNIZ sustained damage to his real and personal property when his personal residential home located at 643 Reindeer Road, Lancaster, Texas 7514t in the County of Dallas, Texas, caught fire and burnt down. The property sustained severe damage and was a total loss. In the aftermath of the fire, the Plaintiff submitted a claim to Defendant PACIFIC for damage to the dwelling and contents. Plaintiff asked that Defendant PACIFIC pay for the cost of the dwelling, the contents therein, provide replacement living quarters during repair, and loss of enjoyment and use of the dwelling and contents therein.

Defendant PACIIF assigned claim number 0000244957-01 and hired and / or assigned Defendant ASHMORE to adjust the claim. ASHMORE was the agent for PACIFIC and represented PACIFIC in regard to Plaintiff's claim. ASHMORE also adjusted Plaintiff's claim by investigation, processing, evaluating, approving, and / or denying, in whole or in part, Plaintiff's claim. As such, ASHMORE acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, ASHMORE is a "person" who is individually liable for her unfair methods of competition or unfair and deceptive acts or practices under the Texas Insurance Code and the DTPA.

ASHMORE improperly adjusted Plaintiff's claim. ASHMORE conducted a substandard inspection, which is evidenced by their failure to conduct a fire loss investigation. Without limitation PACIFIC and ASHMORE misrepresented the cause of, scope of and cost to replace the damage to Plaintiff's dwelling and personal property / contents therein. Plaintiffs claims remain unpaid and Plaintiff has not been able to properly replace his personal property, which were the contents of the destroyed home.

Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, Defendant failed and refused to pay the full process of the policy although a demand was made for proceeds to be paid in an amount sufficient to cover the total loss, under all provisions of the policy. Defendants' conduct constitutes a breach of the insurance contract between Defendants and the Plaintiff.

Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner. Defendants failed to explain to Plaintiff why he received an offer for an inadequate settlement. Defendants failed to communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did Defendants provide any adequate explanation as to the failure to adequately pay for and settle Plaintiff's claim. Defendants failed to affirm or deny coverage of the claim within a reasonable time. Defendants failed to fully compensate Plaintiff under the terms of the policy even though Defendants failed to conduct a reasonable investigation. Defendants failed to timely acknowledge and investigate Plaintiff's claim. Defendants failed to make payment without delay, as is required by statute.

From and after the time Plaintiff's claim was presented to Defendants', the liability of Defendants to pay the full claim in accordance with the terms of the policy was reasonably clear.

However, Defendants, refused to pay Plaintiffs in full, despite their being no basis whatsoever on which a reasonable insurance company would have relied to deny the full amount due. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

As a result of Defendants; wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and lay firm who are representing Plaintiff in this case.

## VI.   CAUSES OF ACTION

### A. PETITION FOR DECLARATORY RELIEF

PLAINTIFF asserts his claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status and other legal relationships under the Insurance Policy he had with PACIFIC judicially determined by a court of competent jurisdiction. PLAINTIFF seeks a declaration from the Court that there is coverage under the relevant insurance policy for the loss on September 27, 2013.

Furthermore, PLAINTIFF asserts his claim under Texas Civil Practice and Remedies Code §37.001, *et seq.* to have his rights, status and other legal relationships under the Insurance Policy he had with Defendant PACIFIC established by a court of competent jurisdiction. Specifically, PLAINTIFF seeks a declaration from the Court under Chapter 541 of the Texas Insurance Code, which states:

> **CHAPTER 541. UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES**
>
> **SUBCHAPTER A. GENERAL PROVISIONS**
>
> **§ 541.001. PURPOSE.**   The purpose of this chapter is to regulate trade practices in the business of insurance by:
>
> (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or

practices; and

        (2) **prohibiting** those trade practices.

Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

### § 541.003. UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES PROHIBITED.

A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

### § 541.008. LIBERAL CONSTRUCTION.  This chapter shall be liberally construed and applied to promote the underlying purposes as provided by Section 541.001.

Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005.

### SUBCHAPTER B. UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES DEFINED

### § 541.060. UNFAIR SETTLEMENT PRACTICES.  (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . .

(2) [F]ailing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

        (A)  a claim with respect to which the insurer's liability has become reasonably clear; and/or

(7)  [R]efusing to pay a claim without conducting a reasonable investigation with respect to the claim;

PLAINTIFF specifically requests that his right to collect insurance proceeds under his policy of insurance with Defendant PACIFIC be declared, and that they be entitled to recover his insurance proceeds under the above referenced section, notwithstanding the existence of other

insurance of a different kind, or that third parties may be responsible for the damages suffered except as specifically provided in the policy.

## B. BREACH OF CONTRACT

According to the insurance policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff's policy benefits for the claims made for covered damages, including additional benefits under the policy, resulting from the fire. As a result of the fire and/or ensuing losses from the fire, both of which are covered perils under the policy Plaintiff's property has been damaged and lost.

Defendants'' failure and refusal to pay adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered damages as described more fully below.

## C. VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT / DELAY IN PAYMENT OF CLAIMS

Defendants' acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements or forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim.

Pursuant to 542.058 of the Texas Insurance Code, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other

statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060. As a reasonable investigation reveals overwhelming evidence of the uninsured motorist's fault, the judicial determination that triggers PACIFIC'S obligation to pay is no more than a mere formality.

Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim.  Defendants have automatically violated Section 542 in this case.

## D. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT AND FEDERAL DECEPTIVE TRADE PRACTICES ACT (DTPA)

Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

Specifically, Defendants violations of the DTPA include, without limitations, the following matters: By its acts, omissions failures, and conduct, Defendants have violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendants' violations include, without limitation, (1) its unreasonably delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its 9 failure to pay for the proper repair of Plaintiff's property for which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46(b)(2).

Plaintiff is entitled to recover under Section 17.46(b)(5) of the DTPA because Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have.

Plaintiff is entitled to recover under Section 17.46(b)(7) of the DTPA because Defendants

represented that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another.

Plaintiff is entitled to recover under Section 17.46(b)(9) of the DTPA because Defendants advertised its insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

Plaintiff is entitled to recover under Section 17.46(b)(12) of the DTPA because Defendants represented to Plaintiff that its insurance policy and its adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have.

Plaintiff is entitled to recover under Section 17.46(b)(24) of the DTPA because Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

Plaintiff is entitled to recover under Section 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA because Defendants has breached an express warranty that the damage caused by the windstorm would be covered under the insurance policy.

Plaintiff is entitled to recover under Section 17.50(a)(3) of the DTPA because Defendants' actions are unconscionable in that it took advance of Plaintiff's lack of knowledge, ability and experience to a grossly unfair degree.

Plaintiff is entitled to recover under Section 17.50(a)(4) of the DTPA because Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance.

All of the above-described acts, omissions and failure of Defendant are a producing cause of

Plaintiff's damages as described in the petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

### E. BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

Under Texas law, PACIFIC owes its insured a duty of good faith and fair dealing. *Universal Life Ins. Co. v. Giles*, 950 S.W. 48 (Tex. 1997). Due to the special relationship that exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when insurer's liability is reasonably clear, as it is in this case. Further, Texas law is clear that an insurer breaches its duty of good faith and fair dealing when it fails to determine if there was a reasonable basis to deny or to delay payment of the claim. In the absence of a reasonable basis to deny a claim, and/or when the insurer knew or should of known there was no reasonable basis to deny payment on the claim, the insurer breaches it duty of good faith and fair dealing. Additionally, it is a breach of the insurer's duty of good faith and fair dealing to fail to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when the insurer's liability has become reasonably clear.

PACIFIC has breached their duty of good faith and fair dealing by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement after liability became reasonably clear. PACIFIC accepts PLAINTIFF carried protection with PACIFIC on the date of the loss. PACIFIC accepts that the total loss is reasonably clear. PLAINTIFF provided documentation of real property loss to PACIFIC. However, PACIFIC has refused to reasonably compensate Plaintiff for his lost contents, loss of use, or emergency replacement value. No reasonable

insurer under similar circumstance would have rejected reasonable payment of PLAINTIFF'S claims.

PACIFIC has breached its duty of good faith and fair dealing by failing to pursue a thorough, systematic, objective, fair and honest investigation of PLAINTIFF'S claims. An insurer cannot avoid bad faith liability by refusing to investigate a claim. PACIFIC has produced no evidence to support its position that any investigation took place.

Thus, due to PACIFIC'S breach of the duty of good faith and fair dealing and PACIFIC'S failure and refusal to pay PLAINTIFF'S claims, PLAINTIFF has incurred actual damages.

## VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. REMEDIES ARE NOT EXCLUSIVE

Further, pursuant to Section 542.061 of the Texas Insurance Code, the remedies provided by this subchapter are in addition to any other remedy or procedure provided by law or at common law.

## IX. DAMAGES

The above-described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly replace Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.

Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

## X.     ATTORNEY'S FEES

As a result of the conduct of PACIFIC and the conduct of its agents, employees and representatives including, but not limited to DEBBIE ASHMORE, as described above, PLAINTIFF has been forced to retain legal counsel and has entered into an ATTORNEY-CLIENT RETAINER AGREEMENT with his attorney for the payment of reasonable attorney's fees. The ATTORNEY-CLIENT RETAINER AGREEMENT provides for the usual and customary, reasonable and necessary, just and equitable attorney's fees.

## XI.     ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

## XII. EXEMPLARY DAMAGES

Defendants' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct that the State of Texas protects in citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XIII.   PLAINTIFF'S NOTICE OF INTENTION TOUSE PRODUCTION OF DOCUMENTS AT TRIAL

---

Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure, files Plaintiff's Notice of Intention to Use Production Documents at Trial. Plaintiff hereby gives notice to all parties that he intends to use at trial, or at any pre-trial proceedings, all documents produced by DEFENDANTS in response to discovery from any and all parties in this cause.

### XIV.   COSTS AND INTEREST

It was necessary for PLAINTIFF to expend money as costs of Court requisite to prosecute this cause of action. Therefore, an award of these costs to PLAINTIFF is authorized by Rule 131 of the Texas Rules of Civil Procedure. PLAINTIFF is also entitled to pre-judgment and post-judgment interests as allowed by law.

### XV.   RELIEF SOUGHT

PLAINTIFF requests that DEFENDANTS' be cited to appear and answer, and that this case be tried before the Court after which PLAINTIFF recover:

1. A declaratory judgment from this Honorable Court declaring PLAINTIFF'S rights to recover under his policy and under 541.060(a)(5,8) of the Texas Insurance Code as well as his rights to recover benefits under his policy of insurance as outlined above;
2. Judgment against DEFENDANTS for PLAINTIFF'S damages as set forth above in an amount within the jurisdictional limits of this Court;
3. Pre-judgment interest at the maximum amount allowed by law;
4. Post-judgment interest at the maximum rate allowed by law;
5. Costs of suit;
6. Attorney's fees as pleaded above; and
7. Such other and further relief to which Plaintiff may be justly entitled.

### XVI.   PRAYER

Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, that Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential

damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

<div style="margin-left: 40%">

Respectfully Submitted,

**Douglas D. Mulder**
2001 Bryant Street
Suite 1905
Dallas, Texas 75201
Tel: (214) 953 1919
Fax: (214) 80-0409

*/s/: D. Mulder*
By_____
**Douglas D. Mulder**
Texas Bar No. 14634000
Email: bsmith@mulder.com
ATTORNEY FOR PLAINTIFF

</div>